IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEITH WROMAS,

    Plaintiff,

v.                                      Case No.  4:18cv209-MW/MAF

R. A. TUTEN,
A. ANDERSON, and
CAPTAIN MOSS,

    Defendants.
_____/

## ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 105, and has also reviewed *de novo* Plaintiff's objections to the report and recommendation, ECF No. 108.  Accordingly,

**IT IS ORDERED**:

The report and recommendation is **accepted in part as it relates to Plaintiff's motion and adopted** as this Court's opinion as to Plaintiff's motion only.

As for Defendant's motion, this Court rejects the report and recommendation. Plaintiff presented evidence that the use of force by Defendant Tuten was without penological justification.  He complained of pain but presented no evidence of an identifiable injury or specific harm caused to a pre-existing condition.  Even so, an Eighth Amendment claim may be sustained when force is used that offends

1

"contemporary standards of decency," regardless of whether "significant injury is evident." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010)).  Furthermore, "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003).  The Eleventh Circuit has recently clarified that when a pro se litigant requests compensatory damages, that should be viewed as also including nominal damages. Furman v. Warden, No. 19-14134 (11th Cir. Sept. 11, 2020).  Here, a jury must determine if Plaintiff's Eighth Amendment claim was harmful enough to violate contemporary standards of decency and, in so doing, determine whether Plaintiff is entitled to monetary damages, either compensatory or nominal.

Plaintiff's motion for summary judgment, ECF No. 85, is **DENIED**. Defendants' motion for summary judgment, ECF No 92, is **DENIED**.  This matter is remanded to the Magistrate Judge for further consideration.

**SO ORDERED on September 11, 2020.**

> s/Mark E. Walker
> **Chief United States District Judge**